U. S. Huntsman v. The State.

No. 7789. Decided October 17, 1923.

Aggravated Assault—Evidence—Bloody Apparrel.

Where, upon trial of aggravated assault, the State introduced in evidence over the objection of defendant the bloody hat, bloody shirt, and bloody overalls worn by the assaulted party, and such testimony could only serve the purpose of inflaming the minds of the jury against defendant, there being no question as to the nature and extent of the wounds or how they were inflicted, the same is reversible error. Following Cole v. State, 45 Texas Crim. Rep., 232 and other cases.

Appeal from the County Court of Haskell. Tried below before the Honorable Jas. P. Kinnard.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.00.

The opinion states the case.

*Ratliff & Ratliff,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for an aggravated assault and battery with a fine of one hundred dollars.

Rochester was an incorporated town. An ordinance was in force prohibiting vehicles from standing on certain streets for more than a specified time. Mr. Helton had left his wagon and team standing in the restricted district. Appellant was marshal. He went to Helton, who was talking to some cotton pickers, and requested him to move the wagon. Some witnesses say he replied that he would when he got through talking. Appellant says Helton told him he would move it when he got "damn good and ready." Appellant undertook to arrest him, when Helton jerked away, and was struck on the head with a pistol. Appellant's evidence is that Helton resisted arrest and undertook to assault the officer. The State's evidence indicates that Helton attempted no assault but only jerked loose from appellant. The blow on the head caused Helton to sink to his knees.

The State introduced in evidence over objection the bloody hat, bloody shirt, and bloody overalls worn by the assaulted party. Objection was urged on the ground, (a) that the clothing did not serve to elucidate or illustrate any point or solve any disputed question, (b) that there was no question as to the nature and extent of the wounds, nor as to how they were inflicted, (c) and that such testimony could only serve the purpose of inflaming the minds of the jury against appellant.

The State, through her assistant attorney general, concedes error in the admission of the articles named because the infliction and nature of the wounds was not controverted, and the clothing would serve no purpose to solve any controverted issue, and further admits that their introduction was evidently inflammatory. As supporting his reasons for making such concessions we are referred to the cases cited under Branch's Ann. Penal Code, Section 1855; Cole v. State, 45 Texas Crim. Rep., 232; 75 S. W. Rep., 527; Aldridge v. State, 91 Texas Crim. Rep., 648, 241 S. W. Rep., 145.

We quote from Cole's case, (supra) as follows:

"It sometimes becomes relevant testimony to admit the clothes of a deceased to explain the nature of the wound or some connecting fact, or to assist in developing the case in some way. This character of testimony has been the subject of many decisions, and usually it has been held that their admission was proper. But in this case there was no necessity for it. It explained no fact and was relevant to no controverted issue. The deceased was shot by appellant

was an admitted fact. The nature of the wound, the character of it, its location, and everything in connection with it was clearly proved; and there was no controversy about it. The admission of the bloody clothes before the jury could serve no purpose except to inflame their minds against accused. If it was relevant to any fact, and was properly admitted, the fact that it may have had an injurious effect upon appellant's case would not render its admission improper, but the exhibition of clothes, like any other fact, is admissible or not, as it may or may not be pertinent or relevant to some issue in the case. These clothes could explain nothing, and the sole tendency was to create prejudice.''

The judgment is reversed and the cause remanded.

*Reversed and remanded.*